DONALD W. FITZGERALD, State Bar No. 095348
JASON E. RIOS, State Bar No. 190086
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: dfitzgerald@ffwplaw.com
e-mail: jrios@ffwplaw.com

Proposed Attorneys for T Bar M Ranch
an Oklahoma limited liability company

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>T BAR M RANCH, an Oklahoma limited liability company,<br><br>Debtor. | CASE NO.: 2015-20844-B-11<br><br>Chapter 11<br><br>DCN:  FWP-2<br><br>Date:,         February 6, 2015<br>Time:         3: 00 p.m.<br>Judge:        Hon. Christopher D. Jaime<br>Courtroom: 32, Department B |

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND FOR AUTHORITY TO PAY PREPETITION WAGES, COMPENSATION AND UTILITIES**

T Bar M Ranch, an Oklahoma limited liability company, (the "Debtor"), comes before this Court seeking an Order granting a Motion for Order Approving Use of Cash Collateral and for Authority to Pay Prepetition Wages, Compensation and Utilities as follows:

1. The grounds for the Motion are that the cash collateral sought to be use constitutes the sole source of funds to operate the Debtor's business.  Unless the Court permits immediate use of the cash collateral the Debtor will be unable to  pay employees  and suppliers and otherwise  will be unable to continue  the business or preserve  the value of  the estate's assets.  The Debtor immediately needs the use of cash collateral to  maintain  operations. Any inability to maintain ongoing services will severely affect the value of the estate, which will create immediate and reparable problems for the Debtor and its creditors.

2.       The cash collateral sought to be used is the claimed cash collateral of Furst McNess Co., Alan Ritchey Inc., Diversified Ingredients, Rising Phoenix Farms, LLC, Frontier Trading, Inc. (collectively, the "Feed Suppliers") are all feed suppliers that are owed money by the Debtor and who may assert dairy liens (Bank of the West and the Feed Suppliers are collectively referred to herein as the "Secured Creditors"). The Secured Creditors may have security interests in the cash collateral to be used.

3.       The Debtor further requests authority to pay employee obligations, employee deductions and employee expenses (the "Employee Compensation") and all utility expenses (the "Utilities") as included in the Budget, including amounts owed for services or utilities delivered pre-petition. The Debtor believes that such amounts would be entitled to priority claim status under the provisions of section 507(a) or otherwise require adequate assurance under section 366 and that payment of the pre-petition Employee Compensation and Utilities is necessary to the continued operation of the Debtor's business. If such payments are not made, there is a substantial risk of loss of employees or utility service that would result in the Debtor's inability to operate its business or care for its cows. Replacing the Debtor's employees would be difficult or impossible and would require significant expense and loss of operations that the Debtor cannot afford to incur.

4.       Pursuant to B.R. 4001(d)(1), the Motion has been served by fax or email and United States Mail on all lease or executory contract creditors; all secured creditors; all taxing agencies; the twenty largest unsecured creditors, or Chapter 11 Trustee; the Debtor and counsel; and the U.S. Trustee's Office.

5.       The Motion is based on the Notice of Motion, the Motion and Memorandum of Points and Authorities in support of the Motion; the Declaration; and all exhibits attached thereto; the complete records and files of the Court in this case; the representations and arguments of counsel to be made at the hearing on the Motion; and such other and further evidence and matters as may be presented to the Court in connection with the Motion.

WHEREFORE, the Debtor requests that the Court enter an Order (i) approving the interim use of cash collateral at the hearing; (ii) authorizing the use of cash collateral on

terms prescribed by the Court; (iii) setting a hearing on further uses of cash collateral; (iv) authorizing payment of amounts owed for Employee Compensation or Utilities, including amounts owed for services or utilities delivered pre-petition, and (v) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated:  February 6, 2015

                        FELDERSTEIN FITZGERALD
                        WILLOUGHBY & PASCUZZI LLP

By: */s/ Jason E. Rios*
JASON E. RIOS
Proposed Attorneys for T Bar M Ranch,
an Oklahoma limited liability company