DONALD W. FITZGERALD, State Bar No. 095348
JASON E. RIOS, State Bar No. 190086
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: dfitzgerald@ffwplaw.com
e-mail: jrios@ffwplaw.com

Proposed Attorneys for T Bar M Ranch,
an Oklahoma limited liability company

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>T BAR M RANCH, an Oklahoma limited liability company,<br><br>Debtor. | CASE NO.:  2015-20844-B-11<br><br>Chapter 11<br><br>DCN:  FWP-2<br><br>Date:,         February 6, 2015<br>Time:        3: 00 p.m.<br>Judge:       Hon. Christopher D. Jaime<br>Courtroom: 32, Department B |

**DECLARATION OF TAMI TOLLENAAR IN SUPPORT OF MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND FOR AUTHORITY TO PAY PREPETITION WAGES, COMPENSATION AND UTILITIES**

I, Tami Tollenaar, hereby declare and represent as follows:

1.     I am a general partner of T Bar M Ranch, an Oklahoma limited liability company (the "Debtor") with my husband Jon Tollenaar.  We each have over 30 years' experience in the dairy business.  I am familiar with the Motion for Authority to Use Cash Collateral and for Authority to Pay Prepetition Wages, Compensation and Utilities ("Motion") and budgets filed in support of the Motion, and attest to the fact that the information contained therein is true and correct to the best of my knowledge.

2.     In the ordinary course of my work, I regularly review, work with, and rely upon the books and records of the Debtor, including legal documents, contracts, purchase orders, notes, correspondence, accounts records, and reports which have been prepared by me or other

employees or representatives of the Debtor in the ordinary course of business.

3. I am informed and believe that Bank of the West asserts a security interest in the Debtor's milk and cash in the debtor's accounts. Furst McNess Co., Alan Ritchey Inc., Diversified Ingredients, Rising Phoenix Farms, LLC, Frontier Trading, Inc. (collectively, the "Feed Suppliers") are all feed suppliers that are owed money by the Debtor and who may assert dairy liens (Bank of the West and the Feed Suppliers are collectively referred to herein as the "Secured Creditors"). By the Motion the Debtor seeks to grant the Secured Creditors replacement liens to the same extent validity and priority as their existing liens on the cash collateral to be used as adequate protection for the use of cash collateral.

4. By the Motion the Debtor seeks to grant the Secured Creditors replacement liens as adequate protection for the use of cash collateral.

5. I make this Declaration in support of the Motion which I have read and reviewed. I hereby adopt each of the factual allegations in the Motion and incorporate them in this Declaration by reference. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of relevant business documents, or my opinion.

6. The Debtor operates a dairy in Hendrix, Oklahoma.

7. The Dairy operates on property owned by the Debtor.

8. The Dairy currently operates with approximately 800 milking cows plus dry cows, heifers, bulls and the usual personal property.

9. The Debtor is a member of Lone Star Milk Cooperative, and the Debtor ships its milk to that processing facility.

10. Attached to the Exhibit Document filed with this Declaration as Exhibit A is a budget listing (the "Budget") of the cash collateral the Debtor seeks authority to use for the periods of February 4, 2015 to February 28, 2015 (the "Budget Period"). The Budget was prepared by me and is believed to be conservative.

11. The milk check that the Debtor should be receiving from its creamery as of February 17, 2015 should be in the amount of approximately $45,000.00. The Debtor anticipates receiving another milk check for approximately $45,000 to $60,000 on February 27, 2015. The

Debtor also receives money for selling cull cows, which are culled in the ordinary course of business.

12. The Debtor currently employs 9 persons, who work full time on the dairy together with me and my husband who work for the Debtor and the Debtor's affiliates.

13. In order to continue to operate and formulate a Plan, the Debtor has an immediate need for use of cash collateral. The Budget attached to this Declaration sets out the amounts of money the Debtor needs for the Budget Period.

14. By operating and liquidating, I believe that the Debtor will produce and generate new milk proceeds and sales proceeds that have a value greater than the amount of cash collateral sought to be used. The funds will also preserve and protect the herd and related collateral.

15. The Debtor seeks authority to use cash collateral to provide funding needed to operate and maintain the business and to pay critical expenses. It is extremely important that the funding be allowed as without it the Debtor will not be able to purchase feed for its dairy cows. The Debtor will also be unable to pay employee wages and this will cause the Debtor to lose its workforce.

16. The Debtor runs 3 shifts and milks its cows 3 times per day.

17. Denial of the use of cash collateral will not benefit any creditor constituency but it would cause significant harm to the Debtor's business operations.

18. As adequate protection for any potential decline in value, the Debtor agrees that the Secured Creditors should have replacement liens.

19. The Debtor seeks to grant a replacement lien to the extent of cash collateral actually used on assets of a like nature to those held on the Petition Date.

20. The Debtor is unaware of any secured creditors having perfected liens or perfected security interests in the subject cash collateral except the Secured Creditors. However, the Debtor does seek authority to use cash collateral of any such creditor, if any, provided the creditor was served with notice of the Motion. I believe that it is in the best interests of the

1  creditors of this estate, and the Debtor, to be allowed to use cash collateral. Without use of cash
2  collateral the Debtor will be forced to shut down.

3  21.  The Debtor further requests authority to pay employee obligations, employee
4  deductions and employee expenses (the "Employee Compensation") and all utility expenses (the
5  "Utilities") as included in the Budget, including amounts owed for services or utilities delivered
6  pre-petition. The Debtor believes that such amounts would be entitled to priority claim status
7  under the provisions of section 507(a) or otherwise require adequate assurance under section 366
8  and that payment of the pre-petition Employee Compensation and Utilities is necessary to the
9  continued operation of the Debtor's business.

10  22.  If such payments for payroll and utilities are not made, there is a substantial risk
11  of loss of employees or utility service that would result in the Debtor's inability to operate its
12  business or care for its cows. I am informed and believe that the Debtor's employees have very
13  limited means and income, so that they need payment of their wages to continue working for the
14  Debtor.

15  The above facts are within my personal knowledge and if called upon to testify at any
16  hearing regarding this matter, I would so testify. I am over the age of 18 and I have signed this
17  Declaration this  6  day of February, 2015 at _Elk Grove_ California.

                                                        _/s/ Tami Tollenaar_
                                                        TAMI TOLLENAAR